UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYNE K. BURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:18-cv-01538-JMS-DML |
| | ) |
| U.S. DEPARTMENT OF VETERANS | ) |
| AFFAIRS – OFFICE OF GENERAL | ) |
| COUNSEL, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This case arises out of a dispute regarding medical care that plaintiff Wayne Burt received at a Department of Veteran's Affairs hospital (the "VA"). Mr. Burt, proceeding *pro se*, alleges generally that he may have received deficient care and that he has been unable to obtain the information he seeks from the VA. Presently pending before the Court is the Government's Motion for Summary Judgment or, in the alternative, its Motion to Dismiss. For the reasons set forth herein, the Court **GRANTS** the Government's Motion.

### I.
#### BACKGROUND

Mr. Burt underwent hernia surgery at a VA hospital in Indianapolis on April 10, 2013. [Filing No. 15-1 at 1.] On December 19, 2017, Mr. Burt submitted an administrative complaint to the VA using Standard Form 95. [Filing No. 15-1 at 1.] On that form, Mr. Burt stated that his surgery was incomplete, that incisions were made during the surgery that were unrelated to his hernia, and that he developed a post-surgical cardiac arrhythmia. [Filing No. 15-1 at 1.] Mr. Burt also states that he was unable to locate the doctor who performed the surgery. [Filing No. 15-1 at 1.]

1

On May 18, 2018, Mr. Burt filed the instant suit against the "United States Department of Veteran's Affairs—Office of General Counsel," raising allegations similar to those alleged in his administrative complaint. [Filing No. 1.] Presently pending before the Court is the Government's Motion for Summary Judgment or, in the alternative, Motion to Dismiss, which was filed on August 24, 2018. [Filing No. 14.] On September 24, 2018, Mr. Burt filed a document styled as a "Brief in Support of Plaintiff's Motion to be Able to Converse with the Operating Doctor..." [Filing No. 22.] On October 3, 2018, the Government filed a reply in support of their Motion. [Filing No. 23.] And on October 26, 2018, Mr. Burt filed a document styled as a "Reply in Further Support of Plaintiff's Motion to be Able to Converse with the Doctor…" [Filing No. 24.] The Government's Motion is ripe for the Court's review.

## II.
### CLAIM(S) FOR DAMAGES

**A. Legal Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion

2

can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome-determinative. *Montgomery v. American Airlines Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

The Court construes *pro se* complaints liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g., Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013).

**B. Discussion**

In support of its Motion for Summary Judgment, the Government argues that Mr. Burt's claims for monetary damages, to the extent that he raises any, are barred by the statute of limitations imposed by the Federal Tort Claims Act ("FTCA").[1] [Filing No. 15 at 3.] The Government contends that Mr. Burt was required to present his claim to the appropriate federal agency within two years after the claim accrued, but he did not do so until nearly four years after accrual. [Filing No. 15 at 3-4.] In response, Mr. Burt argues that any delay on his part in presenting his claim was caused by the agency's actions or was otherwise excusable. [Filing No. 22 at 2-3.] In reply, the United States argues that Mr. Burt has failed to meet his burden to put forward admissible evidence supporting a contention that the two-year statute of limitations should be equitably tolled. [Filing No. 23 at 2-3.]

Under the FTCA, district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Such liability arises "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* To raise

---

[1] As the Government noted in its Motion, to the extent that Mr. Burt intends to assert a claim under the FTCA, the United States of America, and not the "Department of Veterans Affairs—Office of General Counsel" should have been named as the defendant. In light of Mr. Burt's *pro se* status, the Court appreciates the Government's election to proceed as if the United States had been properly named as a defendant. [*See* Filing No. 14 at 1.]

4

an action against the United States under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim with the appropriate federal agency, 28 U.S.C. § 2675(a), and he must do so within the time provided by the statute of limitations set forth in the FTCA.

Section 2401(b) requires both that the claimant file an administrative claim with the appropriate federal agency within two years of the claim accruing and that the claimant file a complaint in district court within six months of the denial of the administrative claim. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."). The statute of limitations begins to run when the plaintiff has "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Arteaga v. United States,* 711 F.3d 828, 831 (7th Cir. 2013). Such knowledge may be constructive, or "when a reasonably diligent person (in the tort claimant's position)[,] reacting to any suspicious circumstances of which he might have been aware[,] would have discovered the government cause, or equivalently when a reasonable person would know enough to prompt a deeper inquiry into a potential cause." *Id.* (internal quotations and citations omitted).

The parties do not dispute that Mr. Burt underwent surgery on April 10, 2013. The evidenced proffered by Mr. Burt establishes that, immediately after his surgery, he was aware of the "unnecessary" incisions and the cardiac arrhythmia, though his Complaint is not entirely clear as to when he discovered that his surgery had been "incomplete." Mr. Burt does not contend that he lacked actual or constructive knowledge of his injuries in the immediate aftermath of the surgeries. And he does not dispute that he filed his administrative complaint more than four years

after his claim accrued. Therefore, there is no genuine dispute of material fact as to whether Mr. Burt's complaint was filed outside of the FTCA's statute of limitations.

While plaintiffs must be "diligent" and bring actions promptly, under some circumstances, the two-year statute of limitations may be equitably tolled. *Id.* at 833. This tolling is "reserved for rare instances in which a plaintiff was prevented in some extraordinary way from filing his complaint in time." *Blanche v. United States,* 811 F.3d 953, 962 (7th Cir. 2016) (internal quotations omitted). To establish equitable tolling, a plaintiff must show that "(1) [he] diligently pursued [his] claim; and (2) some extraordinary circumstances prevented [him] from timely filing [his] complaint." *Id.* at 962 (internal quotations and citations omitted).

The Government contends that Mr. Burt has not met his burden to establish that he is entitled to equitable tolling of the statute of limitations, and the Court agrees. Mr. Burt argues only that he attempted to use "the method provided by the Defendant to locate the physician," and that no one provided him with the information he requested. [Filing No. 22 at 2.] He also argues that he was not directed to a specific agency or person, and that no one at the VA suggested that he fill out a Standard From 95. [Filing No. 22 at 3.]

As the Government highlights, Mr. Burt does not provide any admissible evidence in support of those contentions, as required at the summary judgment stage. But in any event, such evidence would not establish the diligence or extraordinary circumstances that are required to support the application of equitable tolling. Mr. Burt seems to contend that the Government's failure to advise him as to the availability of legal remedies constitutes grounds for equitable tolling, but case law in this Circuit concludes otherwise. *See, e.g., Arteaga,* 711 F.3d at 834 ("No physician, clinic, hospital, or other medical provider is required to provide patients with detailed instructions on how to sue the provider for malpractice. … Prospective plaintiffs are charged with

knowledge that there are such things as statutes of limitations, and so if you think you may have a legal claim it behooves you to consult a lawyer, and it behooves him to ascertain the applicable statute of limitations and advise you of it."); *see also* Mitchell v. Alton Memorial Hospital, 2018 WL 1173288 at *7 (S.D. Ill. 2018) (declining to toll the statute of limitations when the plaintiff failed to pursue a timely claim yet "had . . . channels available to confirm the possibility of a doctor-related causation"). Mr. Burt has not put forward any evidence to support a finding of equitable tolling, and the Court cannot conclude that it applies here.

For these reasons, the Court concludes that Mr. Burt's claim under the FTCA is barred by the two-year statute of limitations, and it therefore **GRANTS** the Government's Motion for Summary Judgment as to Mr. Burt's claim(s) for damages.

### III.
#### CLAIM FOR INJUNCTIVE RELIEF

Mr. Burt raises a claim for injunctive relief, although the contours of that claim are not entirely clear. In the "Relief Wanted" section of his Complaint, Mr. Burt indicates as follows:

> I would like for the Patient Advocates to keep better records of patients and doctor[s] giving medical procedure or be able to obtain names of doctors performing procedures at the patients['] request. The [VA] should keep records of doctors that come into their facilities and from which hospital they came. It should not be left up to the operating doctor alone to record what procedures [were] done. This would make him or her more accountable for things done, with check[s] and balances. Doctor be available for post operation questions.

[Filing No. 1 at 4.] What is clear from Mr. Burt's filings in response to the Government's Motion is that he seeks an order from this Court requiring certain actions of the VA and its doctors. The Government moves to dismiss any such claims.

**A. Legal Standard**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with

"fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

As the Court noted above, it construes *pro se* complaints liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g., Luevano,* 722 F.3d at 1027-28.

**B.  Discussion**

The Government moves to dismiss Mr. Burt's claims for injunctive relief on two bases: that (1) Mr. Burt has not established that the Government has waived its sovereign immunity; and (2) Mr. Burt fails to identify any legal right to the relief he seeks. Mr. Burt does not respond to the Government's arguments on these points, and the Court could grant the Government's Motion on that basis alone. *See, e.g., Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver."); *see also McMasters v. U.S.,* 260 F.3d 814, 818

8

(7th Cir. 2001) (a party's *pro se* status does not excuse a failure to respond). For the sake of clarity, however, the Court addresses the Government's argument as to sovereign immunity, as it is a threshold, "quasi-jurisdictional" issue.

It has been described as "elementary" and "axiomatic" that the "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity must be explicit from Congress, *id.*, and the plaintiff bears the burden of proving that a particular statute waives sovereign immunity. *See Clark v. United States,* 326 F.3d 911, 912 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action."); *Cole v. United States,* 657 F.2d 107, 109 (7th Cir. 1981) ("A party who sues the United States has the burden of pointing to a congressional act that gives consent."). Mr. Burt has not identified a waiver of the United States' sovereign immunity, and therefore has not met his burden to show that his lawsuit may proceed.

For these reasons, the Court **GRANTS** the Government's Motion to Dismiss Mr. Burt's claim for injunctive relief.

## IV.
### CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Motion for Summary Judgment as to Mr. Burt's claim(s) for damages.

The Court **GRANTS** the Government's Motion to Dismiss Mr. Burt's claim for injunctive relief and **DISMISSES** that claim **WITHOUT PREJUDICE**. If Mr. Burt wishes to pursue that claim, he must file an amended complaint within thirty (30) days of the issuance of this order, specifically identifying (1) the right to the relief he seeks; and (2) the statutory waiver of sovereign

immunity that would permit him to pursue his claim. If no amended complaint is filed within this time, the Court will dismiss with prejudice Mr. Burt's complaint.

Date: 11/16/2018

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

Wayne K. Burt
1126 N. Tremont St.
Indianapolis, IN 46222